NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD WAYNE SLEEPER, *Appellant.*

No. 1 CA-CR 21-0004
FILED 8-10-2021

Appeal from the Superior Court in Yavapai County
No. P1300CR201701275
The Honorable Patricia A. Trebesch, Judge, *Retired*

**AFFIRMED**

COUNSEL

Law Offices of Stephen L. Duncan P.L.C., Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the Court, in which
Judge Michael J. Brown and Judge David D. Weinzweig joined.

**G A S S**, Judge:

¶1          Richard Wayne Sleeper filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Sleeper's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel, therefore, asks this court to review the record for fundamental error. Sleeper was given an opportunity to file a supplemental brief *in propria persona*. He has not done so. Finding no error in the record, we affirm Sleeper's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2          This court views the facts in the light most favorable to sustaining the jury's verdicts and resolves all reasonable inferences against Sleeper. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3          Law enforcement officers surveilled Sleeper's apartment after receiving a tip Sleeper was selling drugs from the premises. Officers observed multiple people visiting Sleeper's apartment for short periods of time—including eleven different people visiting during a three-hour period.

¶4          Officers searched Sleeper's trash after watching Sleeper take it out. The officers found bindles—small containers used to hold drugs for sale to users—and a syringe in the trash bags. They did not know to whom in the household they belonged because Sleeper was not the only occupant of the apartment—there were at least five other people living there.

¶5          Later in the surveillance operation, some officers stopped a vehicle after its two passengers left Sleeper's apartment. The officers saw a bindle with residue on it on the seat between the driver and passenger. Officers searched the vehicle and found two bags containing methamphetamine. Officers stopped a second vehicle leaving Sleeper's apartment. Officers again found methamphetamine.

¶6          Soon after, officers obtained a no-knock warrant to enter Sleeper's home. Officers were concerned people inside would try to destroy evidence because the home had security cameras. In Sleeper's bedroom, officers found three empty bindles. In Sleeper's apartment, officers found a digital weighing scale with methamphetamine residue on it, a broken bong, three empty bindles in the toilet bowl, and a bindle with methamphetamine in it behind the toilet in the bathroom. The toilet water in which officers found the empty bindles tested positive for methamphetamine. Police

suspected Sleeper had just left the bathroom before they arrived. Sleeper told officers he had just showered. Sleeper also told officers he used methamphetamine, but he did not know why there would be methamphetamine in the bathroom or who would have put it there.

¶7        The State charged Sleeper with four counts: possession of dangerous drugs for sale (count 1), a class 2 felony; sale or transportation of dangerous drugs (count 2), a class 2 felony; possession of drug paraphernalia (count 3), a class 6 felony; and using a building for the sale or manufacture of dangerous drugs (count 4), a class 6 felony. The superior court dismissed count 2 after Sleeper moved for acquittal under Rule 20 of the Arizona Rules of Criminal Procedure. After a two-day trial, the jury convicted Sleeper on counts 1, 3, and 4.

¶8        The superior court sentenced Sleeper as follows: an 11.5-year aggravated term—flat time—on count 1; a 1.75-year presumptive term on count 3, and a 1.75-year presumptive term on count 4. The terms run concurrently. Sleeper received 836 days of presentence incarceration credit.

¶9        Sleeper timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

## ANALYSIS

¶10        This court has read and considered counsel's brief and fully reviewed the record for reversible error, finding none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

¶11        The superior court conducted all the proceedings in compliance with the Arizona Rules of Criminal Procedure. The record shows Sleeper was present for, and represented by counsel at, all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of twelve jurors and one alternate. *See* A.R.S. § 21-102.A. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Sleeper's presumed innocence. Additionally, Sleeper was given an opportunity to speak at sentencing, and the sentences imposed are within statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. §§ 13-701.D, -703.I.

## CONCLUSION

**¶12**  We affirm Sleeper's convictions and sentences.

**¶13**  Defense counsel's obligations pertaining to Sleeper's representation in this appeal have ended. Defense counsel need do no more than inform Sleeper of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶14**  Sleeper has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Sleeper thirty days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4